# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                                                     Case No. 10-CR-174

**MICHAEL BARTAK,**
        **Defendant.**

## DECISION AND ORDER

On March 31, 2011, defendant Michael Bartak pleaded guilty to possession of marijuana with intent to distribute, contrary to 21 U.S.C. §§ 841(a)(1) & (b)(1)(D), and on July 8, 2011, I imposed a below-guideline sentence of 4 years' probation. As conditions, I ordered him to serve 180 days of home confinement, complete a total of 40 hours of community service (10 hours per year), and comply with drug testing and treatment. On May 23, 2013, defendant filed a motion for early termination of his probation. I directed the government to respond and permitted defendant to reply. I now deny the motion.

Under 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The statute thus permits early termination of felony probation if: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the

pertinent sentencing factors under 18 U.S.C. § 3553(a).  United States v. Nelson, No. 09-CR-108, 2012 WL 3544889, at *1 (E.D. Wis. Aug. 16, 2012).

Defendant has served more than one year of probation, and the government has been given a chance to respond.  The issue is whether early termination is warranted by defendant's conduct and would be in the interest of justice.  The district court possesses wide discretion in making this determination.  See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006) (considering similar standard under 18 U.S.C. § 3583(e)(1), applicable to supervised release).  However, courts have generally held that the conduct of the defendant necessary to support early termination should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination.  Thus, courts have tended to grant termination only in cases involving new or unforeseen circumstances, which may include exceptionally good behavior.  E.g., United States v. Schrader, No. 11-CR-13, 2013 WL 257208, at *2 (E.D. Wis. Jan. 23, 2013) (collecting cases).  The burden falls on the defendant to demonstrate that early termination is warranted.  Id.

Defendant notes that he has avoided violations, maintained employment, submitted negative drug screens, and completed the 40 hours of community service early.  He further notes that he complied with all conditions of pre-trial release while the case was originally pending from October 2010 to July 2011.  He is currently on "low intensity supervision," and the supervising officer agrees that defendant has done well.

While defendant is to be commended for his compliance, I cannot conclude that his situation is exceptional. The court expects those on supervision to work, follow the rules, and abstain from illicit drug use.  See, e.g., United States v. Gardner, No. 03-CR-194, 2012 WL 4864997, at *2 (E.D. Wis. Oct. 12, 2012) (citing United States v. Thomas, No. 1:07-CR-72,

2

2012 WL 3870523, at *2 (N.D. Ind. Sept. 6, 2012)). I also commend defendant for his efforts to find better employment. However, the court also expects those on probation to support their dependents. Cf. Nelson, 2012 WL 3544889, at *3 (finding the defendant's conduct exceptionally good where he worked two jobs to support his entire household, which included disabled individuals, completed his court-ordered community service work early and continued to volunteer with the Hunger Task Force despite his hectic schedule).

A review of the § 3553(a) factors further supports a conclusion that defendant should continue on probation. First, while I previously concluded that probation with a home confinement condition provided a sufficient measure of punishment, terminating probation now would depreciate the seriousness of this offense. A confidential informant working with law enforcement contacted co-defendant Christopher Kartz to order 20 pounds of marijuana. Kartz indicated that he had to go to South Milwaukee to get the drugs, and agents observed Kartz travel to defendant's residence. Officers subsequently stopped Kartz's vehicle and seized 20 pounds of marijuana. In a post-arrest statement, Kartz indicated that he purchased marijuana from defendant about twelve times in the past five to six years. Agents later stopped defendant and searched his car, locating cash, drug notes, a black plastic garbage bag with used heat seal bags, a scale, a blue duffel bag with about 5 pounds of packaged marijuana, a blue storage container with 1200 grams of marijuana packed in smaller distribution quantities, two boxes of ziplock bags, and a roll of heat seal bags. They also searched defendant's house pursuant to his girlfriend's consent, finding various other indications of drug trafficking. The sentencing guidelines set an imprisonment range of 15-21 months based primarily on the

3

amount of marijuana involved in the offense.[1]

Second, terminating probation at this point would undermine the deterrent and rehabilitative aspects of the original sentence. While defendant's prior criminal record is limited, he has a long history of substance abuse, smoking marijuana daily from his teen years until his arrest on the instant offense. He admitted that his substance abuse led to his involvement in drug trafficking, as he was able to obtain marijuana for free as a benefit of his distribution activities. Continued supervision with the prospect of drug testing is necessary to ensure that defendant stays on the right track. Cf. Nelson, 2012 WL 3544889, at *4 (granting early termination where the defendant had no treatment or rehabilitative needs).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 96) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 17th day of June, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Defendant argues that he has been sufficiently punished for his conduct through the 180 days he spent confined to his home, the two years of probation already served, and the fact of the federal felony conviction. I considered the nature of the offense, including the absence of aggravating factors like violence, weapons, or threats, and the role of defendant's own substance abuse, in setting the original sentence. I am not at this point persuaded to modify the probationary term. Defendant identifies no specific collateral consequences flowing from the conviction, enhancing its punitiveness. Cf. Nelson, 2012 WL 3544889, at *4 (granting early termination where the defendant, a firearms enthusiast, suffered the collateral consequence of a firearms prohibition based on his felony conviction). Despite the conviction, defendant managed to find a better job to support his family. Cf. United States v. Schuster, No. 01 CR 67, 2002 WL 31098493, at *1 (S.D.N.Y. Sept.19, 2002) (granting early termination of probation where the defendant suffered significant collateral consequences, including disbarment, a civil fine, and subsequent difficulty finding employment).